MARTIN BOYLE v. VIRGINIA LUMBER COMPANY.[2]

September 27, 1907.

Nos. 15,206—(175).

Action in the district court for St. Louis county to recover $21,090 for personal injuries sustained by plaintiff while in defendant's employ. The case was tried before Cant, J., and a jury which found in favor of plaintiff for $7,750. From an order granting a new trial, plaintiff appealed. Reversed.

*John Jenswold, Jr.,* and *Sullivan & Grant,* for appellant.

*Coryate S. Wilson, Edmund M. Morgan,* and *Charles O. Baldwin,* for respondent.

PER CURIAM.

Plaintiff and appellant had a judgment in a personal injury action for $7,-750. The court granted a new trial because it appeared that a third person

---

[1] Reported in 112 N. W. 1011.        [2] Reported in 112 N. W. 1140.

in no wise connected with or interested in the case on his own motion called a juror aside and told him that reports were going around that he had been "fixed to render a verdict for the defendant in this case." He asked the juror if he did not want to get excused from the jury on that account. He also had a conversation with the juror's partner to the same effect. The partner talked with the juror about it. The juror reported the matter to the court. All counsel for both plaintiff and defendant were exonerated by each other and by the court from any wrongdoing in the premises while the trial was in progress. It was agreed "to postpone said matter until after the case should be submitted to the jury and a verdict should be rendered." The court repeatedly cautioned the jury on the subject and fully and properly charged them on the subject. In arguing the case to the jury, counsel for the defendant, fully aware of all the facts, expressed his satisfaction with the jury and his conviction that every juryman in the case had done and would do his duty and his entire duty. It thus appears that there was no misconduct on the part of the jury, nor on the part of any counsel. The majority of the court are of the opinion, accordingly, that the trial court erred in granting a new trial.

LEWIS and JAGGARD, JJ., dissent.

ELLIOTT, J.

I appreciate the importance of keeping a jury free from improper influence, but I do not think that a litigant who had full knowledge of all the facts should be permitted to speculate upon the chance of a favorable verdict, and, after losing, have the verdict set aside. The record shows that the juror was not influenced by the incident. His honesty is shown by his conduct in reporting the matter to the court. The defendant's counsel expressed his faith in the jury and his willingness to proceed. No new facts have since been disclosed, and I therefore concur in the decision which reverses the order granting a new trial.